ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| IRMA JUDITH DÍAZ HERNÁNDEZ<br><br>Recurrida<br><br>v.<br><br>ENRIQUE FERNANDO DÍAZ HERNÁNDEZ<br><br>Peticionario<br><br>v.<br><br>FARMACIA MORELL CORP.,<br><br>Recurrida | TA2025CE00386 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Quebradillas<br><br>Caso Núm.: QU2022CV00076<br><br>Sobre: Partición de Herencia |

Panel integrado por su presidente el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 17 de septiembre de 2025.

Comparece Enrique Fernando Díaz Hernández ("señor Díaz Hernández" o "Peticionario") mediante *Certiorari* y nos solicita que revisemos la Orden emitida el 6 de febrero de 2025, notificada el 19 de febrero de 2025, por el Tribunal de Primera Instancia, Sala Superior de Quebradillas ("TPI"). En virtud del referido dictamen, el TPI denegó la solicitud instada por el señor Díaz Hernández al amparo de la Regla 34 de Procedimiento Civil, 32 LPRA Ap. V, R. 34, por entender que la petición resultaba prematura.

Por los fundamentos que proceden, se desestima el recurso por falta de jurisdicción, por prematuro.

**I.**

El 5 de julio de 2022, Irma Judith Díaz Hernández ("señora Díaz Hernández" o "Recurrida") presentó una *Demanda* sobre partición de herencia contra su hermano, el señor Díaz Hernández. Posteriormente, el 13 de abril de 2023, el señor Díaz Hernández radicó una reconvención

contra su hermana. De manera similar, el 19 de mayo de 2023, el peticionario instó una demanda contra tercero en contra de Farmacia Morell Corp. ("Farmacia Morell").

El 22 de enero de 2024, el señor Díaz Hernández presentó una *Moción Solicitando Orden al Amparo de la Regla 34.2 y 34.3 de Procedimiento Civil y Solicitud de Orden*. Manifestó que la parte recurrida no había provisto cierta documentación e información solicitada. En apretada síntesis, señaló que, como parte del descubrimiento de prueba, desde mayo de 2023, le había notificado a la señora Díaz Hernández una lista de documentos relacionados a la Farmacia Morell. Sin embargo, adujo que, a pesar de las prórrogas concedidas por el foro de instancia, la recurrida aún no había entregado la documentación. Así, pues, arguyó que, al amparo de la Regla 34.2 de Procedimiento Civil, 32 LPRA Ap. V., R. 34.2, procedía que el TPI emitiera una orden para obligar a la recurrida a entregar lo solicitado. Añadió que, de no cumplir con lo ordenado, a tenor con la Regla 34.3 de Procedimiento Civil, 32 LPRA Ap. V., R. 34.3, procedía que el foro de instancia eliminara las alegaciones.

Tras varias instancias procesales, las cuales incluyeron la presentación de solicitudes de descalificación, sentencia sumaria y desestimación, el 6 de febrero de 2025, se celebró una Conferencia sobre el Estado de los Procedimientos. Conforme surge de la *Minuta*, notificada el 19 de febrero de 2025, el foro de instancia dispuso lo siguiente:

> En cuanto a la moción presentada por la parte demandada bajo la Regla 34.1, el tribunal entiende que, en este momento, atenderla sería prematuro con el propósito de adelantar el calendario. Dado que la parte demandante ya ha contestado el interrogatorio y la parte demandada está revisando ciertas contestaciones y objeciones que desea plantear, no se establecerá un término específico para atender dichas objeciones en esta etapa. En su lugar, se procederá con la preparación del Informe de Manejo de Casos, en el cual los abogados podrán acordar los plazos para el envío y recepción de los interrogatorios, de manera que posteriormente se fijen los términos pertinentes respecto a las controversias sobre el descubrimiento de prueba.[1]

---

[1] *Véase*, Apéndice del recurso, Entrada Núm. 222, pág. 2.

Inconforme, el 6 de marzo de 2025, el peticionario instó una *Moción de Reconsideración bajo la Regla 47 sobre Orden en cuanto a la Moción bajo la Regla 34.1 pendiente de adjudicación.* El foro de instancia denegó la solicitud de reconsideración mediante *Orden* notificada el 30 de julio de 2025. Asimismo, les ordenó a las partes a continuar con el descubrimiento de prueba y establecer, de manera conjunta, un calendario que debía ser informado antes del 22 de agosto de 2025.

Insatisfecho aún, el 29 de agosto de 2025, el señor Díaz Hernández acudió ante nos mediante *Certiorari.* El peticionario realizó los siguientes señalamientos de error:

**Erró el TPI al abusar de su discreción no adjudicando la moción solicitando orden bajo la Regla 34 de Procedimiento Civil por tiempo indefinido, sin atender las objeciones presentadas por el Peticionario a las contestaciones de la recurrida Díaz al Pliego de Interrogatorio y Producción de Documentos Preliminar así eludiendo contestar el descubrimiento cursado hace más de dos (2) años y dos (2) meses, e ignorando que los documentos requeridos fue por solicitud de orden de la propia Recurrida-Demandante para que se le requirieran y expresó que las demoras respondían a estar recopilándolos.**

**Erró el TPI al negarse a atender su error de confundir dos descubrimientos de prueba distintos y distinguibles haciendo inoficiosa la Regla 47 de Procedimiento Civil.**

El 13 de septiembre de 2025, la señora Díaz Hernández notifico su *Memorando en Oposición a Petición de Certiorari.* La parte recurrida señaló que la *Minuta* de la cual recurre el peticionario no fue debidamente firmada. Por tanto, arguye que esta Curia carece de jurisdicción para atender el presente recurso. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

**II.**

**-A-**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual

se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance,* 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC,* 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR,* 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari,* la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración

para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para analizar el problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Cobra Acquisitions, LLC v. Municipio de Yabucoa y otros*, 210 DPR 384, 394 (2022); *Ruiz Camilo v. Trafon Group,*

*Inc,* 200 DPR 254, 267 (2018); *Maldonado v. Junta de Planificación,* 171 DPR 46, 55 (2007). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd.* Conforme a ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional. *Horizon v. Jta. Revisora, RA Holdings,* 191 DPR 228, 233-234 (2014); *Cordero et al. v. ARPe et al.,* 187 DPR 445, 457 (2012). Esto, debido a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. *Íd.*

Reiteradamente, se ha expresado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Íd., SLG Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.,* 158 DPR 345, 355 (2003).

Ahora bien, el principio de la justiciabilidad recoge una serie de doctrinas de autolimitación basadas en consideraciones prudenciales que prohíben emitir decisiones en casos que realmente no existen o dictar una sentencia que no tendrá efectos prácticos sobre una controversia. *Moreno Orama v. UPR,* 178 DPR 969, 973 (2010); *Com. de la Mujer v. Srio. de Justicia,* 108 DPR 715, 720 (1980); *ELA v. Aguayo,* 89 DPR 552, 595 (1958). A tales efectos, el poder de revisión judicial únicamente puede ejercerse en un asunto que presente un caso o controversia, y no en aquellas circunstancias en que se presente una disputa abstracta, cuya solución no tendrá consecuencias para las partes. *ELA v. Aguayo, supra,* págs. 558-59.

En ese contexto, un asunto no es justiciable cuando: (1) se trata de resolver una cuestión política; (2) una de las partes carece de legitimación activa para promover un pleito; (3) después de comenzado el litigio, hechos posteriores lo tornan en académico; (4) las partes pretenden obtener una opinión consultiva; o (5) cuando se pretende promover un pleito que no

está maduro. *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 932 (2011); *Crespo v. Cintrón*, 159 DPR 290, 298 (2003); *ELA v. Aguayo, supra*, pág. 584.

Atinente a la controversia ante nos, un recurso prematuro es aquel que se presenta en la Secretaría de un tribunal antes de que este adquiera jurisdicción. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). En virtud de ello, carece de eficacia y no produce efectos jurídicos. *Íd.*, págs. 97-98. Siendo ello así, un recurso presentado prematuramente adolece de un defecto insubsanable que sencillamente priva de jurisdicción al tribunal que se recurre, pues al momento de su presentación no existe autoridad judicial para acogerlo. *Carattini v. Collazo Syst. Analysis, Inc., supra*, pág. 370.

Cuando un tribunal emite una sentencia sin tener jurisdicción sobre las partes o la materia, su dictamen es uno inexistente o *ultravires. Maldonado v. Junta de Planificación,* 171 DPR 46, 55 (2007). Por ello, al carecer de jurisdicción o autoridad para considerar un recurso, lo único que procede en Derecho es la desestimación de la causa de acción. *Romero Barceló v. E.L.A.*, 169 DPR 460, 470 (2006); *Carattini v. Collazo Syst. Analysis, Inc., supra*, pág. 370.

**-C-**

La Regla 32 (B) de las Reglas para la Administración del Tribunal de Primera Instancia defina las minutas como "el registro oficial de las incidencias más importantes ocurridas durante la vista judicial en el salón de sesiones y en cámara". Atinente a la controversia ante nos, la referida regla dispone lo siguiente:

> La minuta no será notificada a las partes o a sus abogados, **salvo que incluya una Resolución u Orden emitida por el juez o la jueza en corte abierta, <u>en cuyo caso será firmada por el juez o la jueza</u> y notificada a las partes**. *Íd.*
>
> (Énfasis y subrayado suplido)

Cónsono con lo anterior, el Tribunal Supremo ha reiterado que cuando una minuta incluya una resolución u orden emitida por el tribunal

en corte abierta deberá contar con la firma del juez o jueza que la dictó. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). Para que la orden o resolución recogida dentro de la minuta tenga legitimidad y eficacia, es indispensable que esté firmada por el Juez que emitió el dictamen. *Íd.*

**III.**

Surge del expediente que el dictamen impugnado fue pronunciado en corte abierta y recogido mediante *Minuta* notificada el 19 de febrero de 2025. No obstante, al examinarla nos percatamos de que la misma no fue firmada por la Juez que presidió la vista, conforme exige la Regla 32 (B) de las Reglas para la Administración del Tribunal de Primera Instancia. Ante esta realidad fáctica, nos encontramos ante un dictamen que no resulta revisable. Ello, debido al hecho de que el término para acudir ante nos no ha comenzado a transcurrir.

Por tanto, resulta forzoso concluir que carecemos de jurisdicción para atender el presente recurso por prematuro. El TPI deberá notificar, debidamente firmada, la *Minuta* correspondiente a la vista celebrada el 6 de febrero de 2025.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte de esta Resolución, se desestima el recurso por falta de jurisdicción, por prematuro, y devuelve al Tribunal de Primera Instancia para la continuación de los procedimientos, conforme a lo aquí dispuesto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones